Argued and submitted October 13, 1989, reversed and remanded January 17, 1990

## PACIFIC NORTHWEST BELL TELEPHONE CO.,
*Plaintiff,*

*v.*

## NORTHWEST OVERLAND CORPORATION,
*Respondent,*

*v.*

## KELLY,
*Appellant.*

(A 8412-07551; CA A48662)

785 P2d 802

David Gernant, Portland, argued the cause and filed the briefs for appellant.

Michael G. Hanlon, Portland, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Third party defendant Kelly appeals from a summary judgment entered in favor of third party plaintiff Northwest Overland.[1] Kelly argues that there are questions of material fact and that the trial court therefore erred. ORCP 47. We reverse.

Overland alleges that Kelly was personally liable to repay expenses and borrowed funds and relies on a March, 1985, letter from Kelly's attorney to the attorney who represented Brown, Overland's president. The letter states: "Kelly has asked me to advise you that it is his intention to fully honor the claim which was submitted by * * * Brown * * *." Kelly asserts that, because of an "agency agreement" dated May, 1984, between Overland and National Capabilities Corporation, and signed by Kelly as vice-president of National Capabilities, any contractual relations that he had with Overland was as an officer of National Capabilities. He argues that the agreement, when read with the letter, raises a question of fact as to whether he was acting on behalf of National Capabilities when he agreed to pay the claim, or whether he intended to make himself personally liable.[2] We agree that there is at least that issue of fact.[3]

Because of our disposition of the case, we do not discuss Kelly's remaining arguments.

Reversed and remanded.

---

[1] Plaintiff and the remaining third party defendants are not parties to this appeal.

[2] The money for which Overland sought repayment finds its genesis in business transactions occurring in and after May, 1984. Some of the transactions may have occurred before the execution of the agency agreement. Although the agreement is dated May, 1984, Brown states in an affidavit that it was "prepared" in "September-October, 1984," but backdated to May.

[3] Overland argues that Kelly ratified the promise in his attorney's letter by waiting three years before he disavowed it. That argument presupposes that the letter is an unambiguous promise by Kelly to be liable personally. When read with the agency agreement, the letter is ambiguous as to whether Kelly, personally or on behalf of National Capabilities, intended to honor Brown's claim.